IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Barrette v. Philips, et al.*, #25-1108 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

I. Introduction

Pending before the court is a motion (ECF No. 14) filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"), which asks the court to dismiss with prejudice Civil Action No. 25-1108, with brief in support (ECF No. 15). Philips argues that pro se plaintiff Michael Barrette ("Barrette") failed to fully comply with this court's "show cause" order dated November 21, 2025 (ECF No. 12). Barrett filed a response to the show cause order (ECF No. 13) and a response to the motion to dismiss (ECF No. 17). The motion to dismiss is ripe for decision.

II. Procedural History

On July 7, 2025, Civil Action No. 25-1108 was removed from a Florida state court to the United States District Court for the Southern District of Florida. In July 2025, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this court for inclusion in the

coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.

On May 9, 2024, the court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which established requirements for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). On July 29, 2025, Philips filed a Notice at Barrette's case, to establish the DMO deadlines that applied to him (ECF No. 10). As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff like Barrette fails to fully comply with his obligations under the DMO, the complaint is subject to dismissal with prejudice.

On November 20, 2025, Philips filed a motion (ECF No. 11) for the court to enter a "show cause" order for Barrette to explain why his case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 12). That order provided, in relevant part:

> IT IS on this 21st day of November, 2025, HEREBY ORDERED that Plaintiff Michael Barrette shall, no later than the 12th day of December, 2025, either (1) cure his non-compliance with the DMO by delivering to the Philips Defendants all outstanding documents required thereunder, including (a) Preservation Notices, (b) Rule 26(a)(1) disclosures, (c) a Litigating Plaintiff Fact Sheet, (d) medical records, (e) records related to his use of a Recalled Device, (f) record collection production, (g) proof of injury, and (h) expert report(s), and provide proof of having done so to the Court; or (2) demonstrate good cause for his failure to cure. Pursuant to paragraph 21 of the DMO, failure to do so shall result in dismissal of Plaintiff Barrette's claims with prejudice.

ECF No. 12.

Barrette filed a one-page response to the show cause order, with an attached one-page exhibit (ECF No. 13).[1] In the response, Barrette did not address each of the shortcomings

---

[1] The response was removed from public view on the court's docket because it contains personal medical information.

itemized in the court's show cause order and he did not explain why he was unable to cure those deficiencies.

Upon receipt of Barrett's filing, Philips filed the pending motion to dismiss. Philips reported that Barrette failed to produce **any** of the documents required by the DMO and show cause order (ECF No. 14 at 1) (emphasis in original). Barrette filed a response to the motion to dismiss (ECF No. 17), which again failed to cure each of the deficiencies itemized in the show cause order or to demonstrate good cause for his failure to fully comply with his obligations.

III.   Discussion

Philips seeks dismissal of this case with prejudice. With respect to the DMO and show cause orders, Philips reports that Barrette did not provide all the required information. Barrette's responses show, at most, minimal compliance with the DMO, but did not articulate any explanation or good cause for the multiple continuing failures to fully comply with those orders. Despite the additional months that have passed since the initial deadlines, full compliance did not occur, i.e., an expert report still was not submitted and Barrette failed to even identify an expert who would prepare a report. Barrette did not dispute Philips' representation that he provided none of the documents that were required.

The deadlines in the DMO were designed to create an efficient process for all litigants – including Barrette. The DMO provided that the court expected "complete and full compliance" with the DMO. *Id.* at 1. A reminder to Barrette was docketed on July 29, 2025. Barrette, therefore, was on notice of his duties, among other things, to obtain an expert report. Much of the information required by the DMO concerns only Barrette's claims and is not dependent on

access to forms or discovery directed to other parties. The court gave Barrette numerous opportunities to comply.

Barrette did not articulate the specific steps he took to comply. At this point, more than six months after being given notice of the applicable deadlines, it is apparent that Barrette did not comply with the DMO or show cause order or demonstrate a good reason for his failure to comply.

As set forth in DMO ¶ 20 and 21, Barrette' complaint is subject to dismissal with prejudice. The court issued the "show cause" order contemplated by ¶ 21 of the DMO to Barrette on November 21, 2025 (ECF No. 12). Barrette failed to fully cure the deficiencies or to demonstrate good cause for that failure.[2]

## IV.    Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 14) will be granted. This case will be dismissed with prejudice for failure to comply with the court's orders with respect to the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated: February 19, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

[2] This court's orders implicate Rule 37(b) and its authority to dismiss this case. *See* DMO, ECF No. 2769. To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is even necessary in light of Barrette's failure to comply with the clear language of this court's orders, the court considered them and finds the *Poulis* factors weigh heavily in favor of dismissal with prejudice of this case.